IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

IN RE:

DONALD CROWL and IVA JEAN CROWL,

      Debtors.

Filed / Docketed
February 19, 2009

Case No. 08-11529-M
Chapter 7

## MEMORANDUM OPINION

THIS MATTER was submitted to the Court on stipulated facts and briefs. At issue is whether an annuity unrelated to a life insurance policy qualifies as exempt under Oklahoma law. The following findings of fact and conclusions of law are made pursuant to Bankruptcy Rule 7052 and Federal Rule of Civil Procedure 52, which are made applicable to this contested matter by Bankruptcy Rule 9014.

### Jurisdiction

The Court has jurisdiction over this contested matter pursuant to 28 U.S.C.A. § 1334(b).[1] Reference to the Court of this contested matter is proper pursuant to 28 U.S.C.A. § 157(a). This is a core proceeding as contemplated by 28 U.S.C.A. § 157(b)(2)(B).

### Burden of Proof

The burden of proof is upon the objecting party to show by a preponderance of the evidence that the exemption at issue was not properly claimed.[2]

---

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C.A. § 101 *et seq*. (West 2009).

[2] *See* Fed. R. Bankr. P. 4003. *See also In re Simpson*, 206 B.R. 230, 232 (Bankr. E.D. Okla. 1997).

**Findings of Fact**

On the basis of a Joint Stipulation of Facts filed by the parties on November 24, 2008,[3] the Court makes the following factual findings:

1. Donald Crowl and Iva Jean Crowl ("Debtors") filed an original petition for relief under Chapter 7 of the Bankruptcy Code with this Court on July 3, 2008.

2. Karen Carden Walsh ("Trustee") is the duly appointed, qualified, and acting Trustee in this case.

3. In their schedules, Debtors listed a Nationwide Insurance Company Annuity (the "Annuity") as one of their assets.

4. Debtors have claimed the Annuity as exempt from the claims of their creditors and the Trustee.

5. The history of the acquisition of the Annuity is as follows:

    a. In 1990, the father of Iva Jean Crowl passed away and Mrs. Crowl received a distribution from the estate.

    b. On November 11, 1992, Debtors placed substantially all of their property in a revocable inter vivos trust named the Crowl Family Trust.

    c. The Crowl Family Trust purchased the Annuity from Nationwide Life Insurance Company for the sum of $42,563.17 on June 2, 2002. The monies used to purchase the Annuity can be traced back to the monies inherited by Mrs. Crowl.

6. The Annuity is a "non-qualified" annuity for purposes of the Internal Revenue Code,

---

[3] *Docket No. 27.*

meaning that the Annuity does not qualify for any favorable tax treatment.

7. The Annuity is a variable annuity.[4]

8. The monies in the Annuity are invested in mutual funds.

9. The Annuitant under the terms of the Annuity is Donald E. Crowl, one of the Debtors herein.

10. In the event of the death of Donald E. Crowl, the proceeds of the Annuity are to be paid to the Crowl Family Trust.

11. As allowed by the terms of the Annuity, the Crowl Family Trust has elected to take systematic withdrawals from the Annuity in the amount of $270 per month commencing on November 1, 2002.

12. Under the terms of the Annuity, the Debtors have the option at any time to invade the principal of the Annuity, subject to payment of a surrender charge.

13. As of June 30, 2008, the cash value of the Annuity was $41,929.97.

14. As of June 30, 2008, the death benefit under the Annuity was $48,012.73.

15. As of November 3, 2008, the cash value of the Annuity was $30,431.13.

To the extent the "Conclusions of Law" contain items which should be considered "Findings of Fact," those findings of fact are incorporated herein by this reference.

## Conclusions of Law

Pursuant to § 522 of the Bankruptcy Code, a Chapter 7 debtor may exempt certain property

---

[4] Although the Trustee's amended objection is based in part on the allegation that the Trustee had not been provided with any evidence to show that the funds are held in an annuity, *at Docket No. 12*, this fact was later stipulated by both parties. *See Docket No. 27*. The Court did not independently analyze the nature of the contract between Debtors and Nationwide Insurance Company.

from the bankruptcy estate and place it beyond the reach of creditors, while non-exempt property becomes part of the bankruptcy estate. Oklahoma has chosen to opt out of the federal exemption scheme, limiting the exemptions available in bankruptcy cases to those allowed under state law.[5] The issue before the Court is whether the Annuity is exempt under Oklahoma law. In support of their claim of exemption, Debtors rely upon the following statutory provision:

> A. All money or benefits of any kind, including policy proceeds and cash values, to be paid or rendered to the insured or any beneficiary under any policy of insurance issued by a life, health or accident insurance company, under any policy issued by a mutual benefit association, **or under any plan or program of annuities and benefits**, shall:
>
> > 1. Inure exclusively to the benefit of the person for whose use and benefit the money or benefits are designated in the **policy, plan or program**;
> >
> > 2. Be fully exempt from execution, attachment, garnishment or other process;
> >
> > 3. Be fully exempt from being seized, taken or appropriated or applied by any legal or equitable process or operation of law to pay any debt or liability of the insured or of any beneficiary, either before or after said money or benefits is or are paid or rendered; and
> >
> > 4. **Be fully exempt from all demands in any bankruptcy proceeding of the insured or beneficiary.**[6]

Debtors argue the statute is plain on its face, and clearly and unequivocally allows for their claim of exemption in the Annuity. The Trustee disagrees, arguing that, when taken in context, the statutory exemption applies only to annuities when the annuity in question is in fact a life insurance policy. There is no Oklahoma precedent on point.

---

[5] *See* § 522(b)(1); Okla. Stat. Ann. tit. 31, § 1 *et seq.* (West 1991 & Supp. 1998).

[6] Okla. Stat. Ann. tit. 36, § 3631.1 (West 1999 & Supp. 2008) (hereafter "§ 3631.1") (emphasis added).

Federal courts interpret state laws according to state rules of statutory construction.[7] Under Oklahoma law,

> [t]he goal of any inquiry into the meaning of a legislative enactment is to ascertain and follow legislative intent. It is presumed that (a) legislative intent is expressed in a statute's text and (b) the law-making body intended that which it expressed. Where the statute is plain and unambiguous, there is no room for judicial construction that would extend its ambit beyond the scope of the plain and unambiguous language. Only when the circumstances clearly indicate that in enacting the statute the legislature has overlooked something will this court apply rules of statutory construction in an effort to clarify and make sensible an act's purview.[8]

The rule is a simple one – look first to the statute. If the statute tells the story, look no further. The Trustee has not asked the Court to determine whether the contract between Nationwide Insurance Company and Debtors or the Crowl Family Trust is, in fact, an annuity. She has stipulated that the Annuity is a variable annuity. Instead, she contends that, under § 3631.1, "in order to be exempt, the annuity must be a life insurance policy."[9] This Court disagrees.

The Trustee's argument is based upon the fact that much of § 3631.1 deals with life insurance policies, and that § 3631.1 is part of a statutory structure dealing with insurance policies. These arguments are not sufficient to contradict the plain meaning of the statute. The statute expressly states that it applies to various insurance policies "***or*** under any plan or program of

---

[7] *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1190 (10th Cir. 2000) (citing *Phelps v. Hamilton,* 59 F.3d 1058, 1071 n.23 (10th Cir. 1995)).

[8] *Arrow Tool & Gauge v. Mead*, 16 P.3d 1120, 1125–26 (Okla. 2000) (footnotes and citations omitted).

[9] *Trustee's Brief Regarding Amended Objection to Claim of Exemption, Docket No. 28*, at 7.

annuities and benefits."[10] The term "or" is alternative in nature. It means that an annuity is a separate item that may be claimed as exempt. The Trustee's argument that the exemption is limited to annuities that are somehow generated as a result of a life insurance policy is not supported by the language of the statute.

The Trustee relies on a variety of cases from other jurisdictions in support of her statutory interpretation argument. Unfortunately, these cases deal with dissimilar statutory language and different factual situations. *In re Eilbert*[11] involved a 74 year-old debtor who purchased a $450,000 annuity with the proceeds of her husband's estate. At issue was the Iowa annuity exemption statute, which exempted

> [t]he debtor's rights in . . . [a] payment or portion of a payment under a pension, annuity, or similar plan or contract **on account of illness, disability, death, age, or length of service**, unless the payment or portion of the payment results from contributions to the plan or contract by the debtor within one year prior to the filing of a bankruptcy petition, which contributions are above the normal and customary contributions under the plan or contract, in which case the portion of the plan payments attributable to the contributions above the normal and customary rate is not exempt.[12]

The *Eilbert* court found that the annuity at issue was not exempt for two reasons: (1) under the Iowa statute, the phrase "on account of illness, disability, death, age, or length of service" limited all claims of exemptions, meaning that no plan was exempt unless it was in the nature of a retirement or other plan "created to fill or supplement a wage or salary void"[13] ; and (2) the payments that

---

[10] § 3631.1 (emphasis added).

[11] 162 F.3d 523 (8th Cir. 1998).

[12] *Id.* at 526 (quoting Iowa Code §627.6(8)(e)) (emphasis added).

[13] *Id.* at 527 (citation omitted).

debtor received under the annuity in *Eilbert* were not paid to her on account of her age.[14]  In this case, § 3631.1 contains neither of these limitations.  The statute at issue here broadly grants the exemption to "any plan or program of annuities and benefits" without limitation.  There is also no limitation that requires the payments at issue to be received on account of age.  Such an age requirement is often a linchpin of a retirement benefit.

The facts of *Eilbert* are also dissimilar to the case at bar.  In that case, the debtor's husband was killed in an auto accident that seriously injured another individual.  After said individual filed a personal injury action against the deceased husband's estate and the debtor, debtor liquidated the vast majority of her assets and purchased an annuity within 13 months of the filing of her bankruptcy case.  The court specifically mentioned that the annuity was purchased in order "to protect [debtor's] assets should the personal injury suit result in a large judgment in favor of [the injured individual]."[15]  In this case, there is no allegation that the Debtors purchased the Annuity as part of a plan to shield assets from creditors, nor is it alleged that there was any litigation or other potential collection activity against the Debtors at the time the Annuity was purchased.

The Trustee also relies upon *In re Martin*, a decision of the Bankruptcy Appellate Panel of the Eighth Circuit interpreting the Minnesota exemption statutes.[16]  The Minnesota exemption statute at issue in *Martin* is similar to the statute at issue in *Eilbert*, and "permits the debtors to exempt an annuity from the claims of creditors provided the annuity is 'on account of' illness, disability, death,

---

[14]  *Id.* at 528.

[15]  *Id.* at 525.

[16]  297 B.R. 750 (8th Cir. BAP 2003).

age, or length of service[.]"[17] Section 3631.1 contains no such limitations: instead, it operates to exempt "**any** plan or program of annuities and benefits." The rationale relied upon in *Martin* is not applicable here, due to the difference in statutory language.

The Trustee also relies upon a case originating from Ohio, *In re Andrews*.[18] In *Andrews*, the debtor purchased a deferred annuity and claimed the annuity as exempt under Ohio law:

> The ability of a debtor to exempt an annuity under § 3911.10 is initially set forth in O.R.C. § 2329.66, the general provision governing exemptions in the State of Ohio, which provides that:
>
>> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgement or order, as follows:
>>
>>> (6)(b) The person's interest in contracts of life or endowment insurance or annuities, as exempted by section 3911.10 of the Revised Code[.]
>
> In turn, § 3911.10, states, in relevant part:
>
>> All contracts of life or endowment insurance or annuities upon the life of any person ..., which may hereafter mature and which have been taken out for the benefit of, ... the spouse or children, or any persons dependent upon such person, ... shall be held together with the proceeds or avails of such contracts, subject to a change of beneficiary if desired, free from all claims of the creditors of such insured person or annuitant.[19]

The *Andrews* court found that the terms "upon the life" and "for the benefit of" modified the term annuity in the Ohio statute, and thus limited the claim of exemption under Ohio law to life

---

[17] *Id.* at 752.

[18] 301 B.R. 211 (Bankr. N.D. Ohio 2003).

[19] *Id.* at 213–14 (citing Ohio R.C. § 2329.66 and Ohio R.C. § 3911.10).

insurance: *i.e.*, payments that compensated a beneficiary for the death of an insured.[20] Once again, § 3631.1 makes no such distinction. Instead of placing a limitation upon the type of annuity that may be claimed exempt, the statute lists, as a separate class of exempt items, "All money or benefits . . . **under any plan or program of annuities and benefits**[.]"

Virtually all of the cases relied upon by the Trustee deal with exemption statutes far more restrictive than § 3631.1.[21] If the Oklahoma exemption statute were worded in a fashion similar to the Iowa, Ohio, or Minnesota statutes, the Trustee's argument might be well taken. If the Oklahoma legislature wants to limit the scope of annuities that may be claimed as exempt, they know how to do so. Unless and until the Oklahoma legislature limits the exemption, the Court will not do so of its own accord.

It is important to remember what is not at issue in this case. The Annuity was purchased in the ordinary course of the Debtors' affairs more than six years prior to the filing of this bankruptcy case. The Trustee does not accuse the Debtors of fraud upon creditors. If such fraud were present, the Court has tools at its disposal to deal with it.[22] This case is a matter of statutory construction.

---

[20] *Id.* at 214–15.

[21] *See In re Pikush*, 157 B.R. 155, 156 (9th Cir. BAP 1993) (statute exempts life insurance policies "to the extent reasonably necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor."); *In re Bernard*, 40 F.3d 1028 (9th Cir. 1994) (same statute); *In re Simpson*, 366 B.R. 64 (9th Cir. BAP 2007) (same).

[22] *See, e.g*., *Burrows v. Burrows,* 886 P.2d 984 (Okla. 1994) (allowing ex-wife to set aside fraudulent transfer of homestead in order to satisfy past due child support and alimony even though statute on its face appears to preclude such a result); *In re Spoor-Weston, Inc.*, 139 B.R. 1009, 1015–16 (Bankr. N.D. Okla. 1992), *aff'd,* 13 F.3d 407 (10th Cir. 1993) (setting aside conversion of non-exempt property to exempt property done with the intent to defraud creditors).

**Conclusion**

Section 3631.1 is clear. It allows a debtor to claim an annuity as exempt. The Court need not and should not, on the facts of this case, go beyond the plain language of the statute. The Amended Objection to Claim of Exemption filed by Karen Carden Walsh, Trustee, is overruled.

A separate judgment consistent with this memorandum opinion is entered concurrently herewith.

Dated this 19th day of February, 2009.

BY THE COURT:

TERRENCE L. MICHAEL
UNITED STATES BANKRUPTCY JUDGE

5485.2